UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WOODSIDE ENERGY AMERICAS INC**              CASE NO.  6:24-CV-01268

**VERSUS**                                     JUDGE DAVID C. JOSEPH

**U S DEPT OF THE INTERIOR ET AL**             MAGISTRATE JUDGE DAVID J. AYO

**O R D E R**

The above-captioned suit is among the most recent filed in the Western District of Louisiana challenging agency decisions by the United States Department of the Interior ("DOI") regarding requests to exceed a regulatory allowance limitation and for royalty refunds.[1] In this and other such suits, plaintiffs are oil and gas leaseholders who allege violations of the Administrative Procedures Act ("APA"), 5 U.S.C. §701, *et seq.*, the Federal Oil and Gas Royalty Management Act ("FOGRMA"), as amended by the Federal Oil and Gas Royalty Simplification and Fairness Act of 1996, 30 U.S.C. §§ 1701, *et seq.*, the Generally Accepted Government Auditing Standards ("GAGAS"), 30 C.F.R. § 1206.20 (2023), and the Due Process Clause of the Fifth Amendment to the United States Constitution.  Specifically, plaintiffs, including Woodside Energy Americas, Inc. ("Woodside") allege that DOI began denying royalty refund requests based on deductions for product transportation costs between the platform and the royalty measurement point when, in past decisions, DOI has granted royalty refund requests on that basis.  Plaintiffs allege that such denials based on a departure without notice from past interpretations of its

---

[1] Other, nearly identical suits pending before the Court include 23-CV-1231 *Ecopetrol America, LLC v. U.S. Dept. of Interior*; 23-CV-1232 *Energy Partners, Ltd. v. Haaland*; 23-CV-1314 *Century Offshore Mgmt. Corp. v. Haaland*; 23-CV-1317 *M21K, LLC v. U.S. Dept. of Interior*; 23-CV-1318 *PetroQuest Energy, LLC v. Haaland*; 23-CV-1324 *Tana Exploration Co., LLC v. Haaland*; 24-CV-520 *Century Exploration Ltd. Partnership v. U.S. Dept. of Interior*; 24-CV-939 *Ecopetrol America, LLC v. U.S. Dept. of Interior*.

own regulations amount to violations of the APA. Moreover, plaintiffs, including Woodside, allege that the Director of the Office of Natural Resources Revenue ("ONRR") and the administrative law judges of the Interior Board of Land Review ("IBLR") were appointed in violation of the Appointments Clause, the separation of powers, and the Vesting Clause of Article II of the United States Constitution.

Now before this Court is Woodside's recent MOTION TO SEAL COMPLAINT. (Rec. Doc. 2). Woodside filed a redacted Complaint (Rec. Doc. 1) and the instant motion, to which an unredacted copy of its Complaint is attached. Woodside's motion seeks an order sealing the unredacted Complaint from public viewing on the basis that, in its unredacted state, the Complaint contains information properly regarded as trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1832, 1836. Specifically, Woodside's motion alleges the Complaint "explains aspects of…proprietary methodology" developed by Woodside's agent and relied upon by Woodside in its applications for royalty refunds. (Rec. Doc. 2 at p. 2). Additionally, Woodside alleges its unredacted Complaint contains

> privileged commercial or financial information…geological and geophysical information and data concerning wells…information that concerns or relates to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association, all of which are confidential trade secrets and financial information that is not generally available to the public or otherwise disclosed to anyone not employed or retained by Woodside.

(*Id.* at pp. 3–4, citing 18 U.S.C. § 1905, 5 U.S.C. § 552).

Fifth Circuit jurisprudence emphasizes the right of the American people to access judicial proceedings and the resulting presumption against the sealing of judicial records. *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–19 (5th Cir. 2021) (citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019)). Where important

considerations such as the protection of trade secrets or the identities of confidential informants form the basis for motions to seal, courts must undertake a careful balancing and must articulate the reasons for an order sealing all or a portion of a document. *Bin Hoa Le, supra,* at 419 (citing *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 849 (5th Cir. 1993)).

The undersigned has carefully reviewed the subject unredacted Complaint and finds that the proposed redactions are of two varieties: (1) references to the adverse finding's interpretation of permissible deductions for "transportation" costs, and (2) references to email communications among DOI employees regarding royalty rebate requests by Woodside and other similarly situated applicants. Woodside's motion alleges that content in the first category constitutes trade secrets within the meaning of the DTSA. (Rec. Doc. 2 at pp. 3–4).

This Court finds that the information referencing DOI's recent interpretation of "transportation costs" does not contain information constituting a trade secret under applicable law. To the extent that Woodside argues that its royalty refund application was premised on classification of certain costs as "transportation" under the DOI's former interpretation of those costs, such information is not proprietary and is included without redaction in other similar suits against DOI now pending before the Western District.[2] Moreover, Woodside makes no showing that the underlying decision by DOI is not public record. Indeed, the decision by the Director of ONRR and its basis is detailed in the DOI orders attached to Woodside's instant motion. (Rec. Docs. 2-1, 2-2). *June Med. Servs., LLC,*

---

[2] *See, e.g.,* Civ. Act. Nos. 23-CV-1230, 23-CV-1231, 23-CV-1314, 23-CV-1317, 23-CV-1318, and 23-CV-1327, in which plaintiffs' complaints are not sealed. The undersigned notes that two suits, Civ. Act. Nos. 24-CV-520 and 24-CV-939, do feature sealed complaints in which Plaintiff included the same information which forms the basis of the instant motion. Although the Court did not issue written reasons for its grant of relief, the same result obtains in the instant suit, as well as those in which the complaints were previously sealed.

*supra*, at 520–21 (publicly available information is not subject to seal) (internal citations omitted).

Contrary to Woodside's arguments, no formulas, calculations, or proprietary arguments are included in its unredacted Complaint. Instead, the majority of the information sought to be redacted and sealed is email communication between DOI employees presented as evidence in support of Woodside's contention that the DOI's denials of its various applications were the result of agency bias. (Rec. Doc. 1 at ¶¶ 62–63). It appears from the nature of these communications that the true basis of Woodside's motion is not the protection of trade secrets, but the protection of the identity of an informant, from whom the emails were obtained.[3] This Court finds that the protection of a confidential informant is a permissible basis for the sealing of judicial records under Fifth Circuit jurisprudence, as cited above.

This Court questions the necessity of including this information in Plaintiff's Complaint. It does not appear that the specific content of the emails or the precise identity of the parties among whom they were transmitted furthers the sufficiency of the Complaint under Fed. R. Civ. P. 8(a), which requires, *inter alia*, only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

Nevertheless, Woodside's chosen manner of pleading leaves this Court with few reasonable solutions. Were this Court to order Woodside to file an amended complaint omitting the information upon which its instant motion to seal is based, it would still be forced to seal Woodside's original unredacted complaint in response to Woodside's

---

[3] This Court has no information from which to determine whether Woodside's motion to seal is based on preservation of the anonymity of the confidential source(s) who provided access to the emails at issue or is merely an attempt to preserve counsel's competitive advantage. Since neither motive is mutually exclusive of the other, no such finding is required at this time.

permissible goal of protecting the identity of its source, as that pleading is already filed in the record of the case. Accordingly, it is hereby

ORDERED that Woodside's MOTION TO SEAL COMPLAINT (Rec. Doc. 2) is GRANTED in part, such that its unredacted Complaint (Rec. Doc. 2-3) is to be SEALED from public access based on this Court's finding that, while it does not contain trade secrets, it does contain information which would compromise the identity of Woodside's source of information.

SO ORDERED this 2nd day of October, 2024, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**